UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**QUENTIN L. BLACK, JR.**                                                                 **PLAINTIFF**

v.                                                                 **CIVIL ACTION NO. 3:18-CV-P515-CRS**

**JONAH KIPER et al.**                                                                 **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Quentin L. Black, Jr., filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983, which the Court stayed pending final disposition of the federal and state criminal charges against Plaintiff. Upon notification of the final disposition of the charges against him, the Court lifted the stay. Accordingly, the Court must now perform an initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the Court will dismiss the complaint.

### I.

Plaintiff was a pretrial detainee at the time he filed his complaint. He names as Defendants Louisville Metro Detective Jonah Kiper, Louisville Metro Sergeant Paul Neal, and Jefferson District Court Judge Anne Haynie.

Plaintiff alleges that on August 2, 2017, his rights under the Fourth Amendment, Fourteenth Amendment, Section 10 of the Kentucky Constitution, "federal rules," and Universal Declaration of Human Rights were violated. He alleges that on that date Defendants Neal and Kiper "launched a investigation solely on racial profiling as a salient basis for suspicion of criminal activity when Defendants seen a unfamiliar car and human being active on Cleo Ave and exit into the house." He states that Defendants were "allowed to receive a . . . search warrant

with a affidavit identifying Plaintiff as a unknown B/M and never describing things to be seized by Honorable Judge Anne Haynie."

Plaintiff does not specify the relief he requests except that he checked the line next to injunctive relief.

In accordance with the Court's instructions, Plaintiff notified the Court that on August 1, 2019, he accepted a guilty plea in his federal case and that his state-court case was "dismissed afterwards."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*A. Constitutional claims*

The indictment in Plaintiff's federal criminal case, *United States v. Black*, No. 3:17-CR-173-CHB, charged him with drug offenses and being a felon in possession of a firearm on August 2, 2017. He pleaded guilty to three drug charges, and the charge of being a felon in possession of a firearm was dismissed. The plea agreement in that case provides in pertinent part:

> On August 2, 2017, law enforcement officers observed what they believed to be a drug transaction between Quentin Black and two others in a vehicle. A traffic stop of that vehicle revealed approximately 58 grams of crack cocaine that was purchased from Black. A subsequent search of Black's residence revealed approximately 598 grams of cocaine and 38.5 grams of crack cocaine in Black's bedroom closet. Black told officers that all the drugs in the house belonged to him and only him. He also told them that there was a gun in the house but that it belonged to his wife.

Thus, it is clear that Defendants' actions on August 2, 2017, which Plaintiff alleges violated his rights in this civil-rights action are the basis for the search and seizure of contraband to which Plaintiff pleaded guilty.

First, to the extent Plaintiff seeks only injunctive relief and not monetary damages, a § 1983 civil-rights action is not the proper remedy for a state prisoner who is challenging the fact or length of his custody. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500.

Furthermore, the Supreme Court held in *Heck v. Humphrey*, 512 U.S. 477 (1994),

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination,

3

or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id*. at 486-87 (footnote omitted). *Heck* and its progeny "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

The fact that one of the federal charges against Plaintiff – the gun-possession charge – was dismissed does not remove the *Heck* bar in this case. *See Goldman v. Consumers Credit Union*, No. 17-1700, 2018 WL 3089811, at *4 (6th Cir. Feb. 14, 2018) (holding that the plaintiff failed to establish that the criminal proceeding was resolved in his favor where charges of uttering-and-publishing were dismissed but Plaintiff later pleaded guilty to other charges); *see also Kossler v. Crisanti*, 564 F.3d 181, 188 (3d Cir. 2009) (en banc) ("[F]avorable termination of some, but not all, individual charges does not necessarily establish the favorable termination of the criminal proceeding as a whole.").

In sum, a favorable ruling on Plaintiff's claim that he was falsely arrested and imprisoned would necessarily imply the invalidity of Plaintiff's conviction and sentence. Therefore, Plaintiff's complaint is barred by *Heck*. *See Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam) (stating that "*Heck* bars [the plaintiff's] claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him" and that the plaintiff could "challenge the validity of his arrest, prosecution and conviction only by writ of habeas corpus").[1]

---

[1] Although sometimes a Fourth Amendment claim may proceed regardless of whether the underlying conviction has been invalidated, such is true only if the plaintiff alleges some injury apart from his conviction and imprisonment. *Heck*, 512 U.S. at 487 n.7. The injury alleged here is Plaintiff's arrest and confinement in prison. Consequently, *Heck's* exception for Fourth Amendment claims does not apply. *See, e.g.*, *Townsend v. Roberts*, No. 13-11581, 2013 WL 3732884, at *2 n.1 (E.D. Mich. July 15, 2013).

*B. Claim under the "Federal Rules"*

Plaintiff's claim based on the "Federal Rules" fails to state a claim. "As procedural rules, the Federal Rules of Civil Procedure do not create a private right of action." *Xu v. Neubauer*, 166 F. Supp. 3d 203, 207 (D. Conn. 2015).

Nor can Plaintiff bring the instant action under the Federal Rules of Criminal Procedure. The "federal criminal rules are not constitutional imperatives." *United States ex rel. Gaugler v. Brierley*, 477 F.2d 516, 523 (3d Cir. 1973) (footnote and citation omitted). "They govern only prosecutions in federal courts for violation of criminal laws of the United States [and] are procedural only." *Id*. (footnote omitted). Consequently, Plaintiff's claim under the "Federal Rules" will be dismissed for failure to state a claim upon which relief may be granted.

*C. Claim under the Universal Declaration of Human Rights*

Plaintiff does not state a claim under the Universal Declaration of Human Rights (UDHR). The UDHR is not a treaty or international agreement which imposes legal obligations. Rather, it is a statement of principles aimed at providing a common standard for international human rights. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 734-35 (2004). Because it is not enforceable in American courts, Plaintiff cannot state a claim under the UDHR.

## III.

For the foregoing reasons, the Court will, by separate Order, dismiss the federal causes of action. The Court will dismiss Plaintiff's state-law claim without prejudice.

Date: December 16, 2019

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Defendants
4411.009